UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  14-CIV-80384-BLOOM/Valle

MALIBU MEDIA, LLC

      Plaintiff,

v.

ITZIK MAHLUF,

      Defendant.

_____/

## ORDER GRANTING FINAL DEFAULT JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff Malibu Media, LLC's ("Plaintiff")

Motion for Entry of Default Judgment, ECF No. [31] (the "Motion") against Defendant Itzik

Mahluf ("Defendant").  The Court has carefully examined the Motion, Plaintiff's memorandum

in support, ECF No. [32], all related submissions, and the record in this case, and is otherwise

fully advised as to the premises.  For the reasons discussed below, the Motion is granted.

      **A.**      **Determination of Default Judgment**

Federal Rule of Civil Procedure 55 provides for entry of default and default judgment

where a defendant "has failed to plead or otherwise defend as provided by these rules."  FED. R.

CIV. P. 55(a).  This Circuit maintains a "strong policy of determining cases on their merits and

we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291,

1295 (11th Cir. 2003).  However, default judgment is entirely appropriate and within the district

court's sound discretion to render where the defendant has failed to defend or otherwise engage

in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. App'x 908,

910 (11th Cir. 2011); *Dawkins v. Glover*, 308 Fed. App'x 394, 395 (11th Cir. 2009); *In re*

*Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.

1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 Fed. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

Plaintiff filed its original Complaint on March 18, 2014, and its Amended Complaint, ECF No. [20], on August 13, 2014. Defendant was personally served with a summons and the Amended Complaint on September 12, 2014. ECF No. [26]. Defendant has to date failed to respond or otherwise appear in this action. On October 23, 2014, the Clerk entered default as to Defendant. ECF No. [30]. Plaintiff filed the instant Motion on November 4, 2014.

Defendant's "failure to appear and the Clerk's subsequent entry of default against him do not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F.Supp.2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D.Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim."

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007).

### B.    Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this case, in which Plaintiff seeks relief for direct copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and contributory copyright infringement upon which relief may be granted against Defendant. The Court has personal jurisdiction over Defendant, who resides at 73 Lariat Circle, Boca Raton, FL 33487. In addition, Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District. Am. Compl. ¶ 5. Plaintiff has also demonstrated that Defendant is not a minor, incompetent person or in active military service. *See* ECF No. [32-1] (Lipscomb Decl.) ¶ 5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because (i) a substantial part of the events or omissions giving rise to the claims occurred in this District and, (ii) the Defendant resides (and therefore can be found) in this District and resides in Florida. *See* Am. Compl. ¶ 6.

### C.    Defendant's Copyright Infringement

Plaintiff's allegation in the Amended Complaint support its claims for copyright infringement in violation of 17 U.S.C. §§ 106 and 501. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of

the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Plaintiff has alleged ownership over valid copyrights set forth in Exhibit B to the Amended Complaint.  Am. Compl. ¶ 3, 38, ECF No. [20-2].  Plaintiff has further demonstrated direct copyright infringement by Defendant.  Specifically, Plaintiff alleged that Defendant utilized a peer-to-peer file sharing venue, typically used to distribute large amounts of data such as digital movie files, to copy and distribute the constituent elements of original works covered by Plaintiff's relevant copyrights.  Am. Comp. ¶¶ 10, 20, 39.  The peer-to-peer protocol used by Defendant breaks large files into many smaller pieces called bits; users then exchange the bits, and the users' client-end software reassembles the bits so the file can be opened and utilized.  *Id.* ¶ 12-13.  Plaintiff alleged that its agent established a connection with Defendant's IP address; identified cryptographic file hashes correlating to copyrighted movies owned by Plaintiff and listed in Exhibit A to the Amended Complaint; downloaded from Defendant bits of each file hash; and then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A.  *Id.* ¶¶ 17-22.  Plaintiff stated that it did not authorize, permit, or consent to Defendant's copying or distribution of its works.  *Id.* ¶ 40.

Defendant's default acts to admit these allegations, thereby substantiating Plaintiff's claims of copyright infringement.  Further, courts have held that use of file-sharing and peer-to-peer software and protocols, such as that used by Defendant here, to copy and download copyrighted works and then reproduce, distribute or display them without permission of the copyright holder can constitute copyright infringement.  *See, e.g., Metro-Goldwyn-Mayer*

*Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 918 (2005); *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 489-96, 497-501 (1st Cir. 2011); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005); *Donkeyball Movie, LLC v. Does 1-171*, 2011 WL 1807452, *1-4 (D.D.C. 2011); *Disney Enters., Inc. v. Hotfile Corp.*, 2013 WL 6336286, at *41 (S.D. Fla. Sept. 20, 2013).

     **D.**     **Statutory Damages**

     Plaintiff has elected to recover statutory damages against Defendant as provided in 17 U.S.C. § 504.  Section 504(c)(1) provides for statutory damages of "no less than $750 or more than $30,000" per work for unintentional infringement, and section 504(c)(2) permits the court in its discretion, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, [to] increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c).  "Statutory damages are 'especially appropriate in default judgment cases.'"  *Broad. Music, Inc. v. S.T. Complex, LLC*, 2010 WL 4922992, at *3 (S.D. Fla. Nov. 29, 2010) (quoting *UMG Recordings, Inc. v. Roque*, 2008 WL 2844022, at * 2 (S.D. Fla. Jul. 23, 2008)).  The "employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case."  *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935).  Plaintiff seeks an award of $2,250.00 per work in statutory damages for each of the thirteen works downloaded, copied and/or distributed by Defendant and listed in Exhibits A to the Amended Complaint and the Motion.

     Here, Plaintiff has plead that Defendant's infringement was committed with knowledge and willfully.  Am. Compl. ¶ 42.  Plaintiff has submitted additional evidence which, read broadly, corroborates its allegation that the use of peer-to-peer file-sharing software to exchange bits of larger media files for free, as Defendant admits by default this he did here, evidences intent to copy unlicensed material and infringe on copyright protections.  *See* Mtn. at 5-7.  Given

Defendant's default and the supporting evidence presented by Plaintiff, Plaintiff's contention that Defendant's violation was committed willfully is well supported.

Further, courts addressing similar facts and allegations have repeatedly held that the amount of $2,250.00 per work requested here is appropriate. *See e.g. Malibu Media, LLC v. Flanagan*, 2014 WL 2957701, at \*4 (E.D. Pa. Jul. 1, 2014) ("Courts considering similar infringement actions regarding unauthorized online distribution of copyrighted material have found statutory damages between $1,500.00 and $2,250.00 per infringing work to be reasonable"); *Malibu Media, LLC v. Cowham*, 2014 WL 2453027, at \*2 (N.D. Ind. Jun. 2, 2014) ("Malibu's request of $2,250.00 per work is, in fact, on the low end of the statutory scale and is also in line with damages awarded in similar circumstances"); *Malibu Media, LLC v. Goodrich*, 2013 WL 6670236, at \*11 (D. Colo. Dec. 18, 2013) ("Plaintiff has established that courts across the country have typically awarded an average of $2,250.00 per infringement in cases of this type"); *PHE, Inc. v. Does 1-122*, 2014 WL 1856755, at \*3 (N.D. Ill. May 7, 2014) ("the Court here finds that an award of $2,250.00 per Defendant is reasonable to compensate PHE and deter future infringement"); *Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer,* 2011 WL 4632597, at \*1-2 (M.D. Fla. 2011) (on default judgment, awarding $30,000 statutory damages for online infringement).

Finally, an evidentiary hearing is unnecessary where, as here, the plaintiff seeks statutory damages. *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Priority Records, LLC v. Lee*, 2007 WL 1087418, at \*2 (M.D. Ga. Apr. 9, 2007) (no evidentiary hearing necessary to determine damages on default judgment in copyright infringement context).

The Court will therefore award statutory damages of $29,250.00 to Plaintiff.

### E.      Injunctive Relief

Plaintiff seeks injunctive relief to enjoin Defendant from continuing to infringe Plaintiff's copyrighted works and to permanently remove the copyrighted works from Defendant's possession.    Permanent injunctive relief to prevent or restrain copyright infringement is authorized under the Copyright Act.  *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.").  The Copyright Act further provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . . [.]"  17 U.S.C. § 503(b).

A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  By virtue of Defendant's default, Plaintiff has demonstrated each of these factors.

Specifically, Plaintiff has established that Defendant's conduct has exposed the copyrighted works to "viral" infringement using the peer-to-peer file-sharing protocol, in which users in a "swarm" simultaneously upload and download the copyrighted works between and among innumerous other users.  Am. Compl. ¶ 12.  By virtue of the workings of the protocol, a "seeder" of the copyrighted work distributes the whole, or portions of, the work to other recipient peer users, who in turn deliver the whole or portion of the work to other users in the "swarm."

*Id*. Thus, absent injunctive relief to force the deletion of each bit file or copy of the works from Defendant's computers (and from the computers of those persons utilizing the protocol in active concert or participation with Defendants), infringement of the works can continue unabated. *Id*. Monetary damages, therefore, are inadequate to compensate Plaintiff for such irreparable injury, as Defendant continues, and will continue, to harm Plaintiff. *See Microsoft Corp. v. Big Boy Distribution LLC*, 589 F. Supp. 2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction.").

Considering the balance of hardships, any injury to Defendant merits little consideration – the injunction merely requires Defendant to cease the infringing conduct.  Finally, enjoining Defendant's copyrights infringement is in the public interest in that it preserves and reinforces the integrity of copyright laws.

Finally, the Court notes that "[i]njunctions are regularly issued pursuant to the mandate of Section 502, because 'the public interest is the interest in upholding copyright protections.'" *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (quoting *Autoskill, Inc. v. Nat'l Educational Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993). Courts also regularly issue injunctions as part of default judgments. *See*, *e.g.*, *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) (entering permanent injunction against copyright infringement on default judgment).

A permanent injunction is therefore appropriate here.

**F.      Costs of Suit and Attorneys' Fees**

Plaintiff is entitled to recovery of its costs of suit and attorneys' fees incurred in this action.  Section 505 of the Copyright Act expressly authorizes recovery of "full costs by or

against any party other than the United States or an officer thereof," and further provides for an "award [of] a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  "Although discretionary, courts have frequently awarded Plaintiffs their 'full costs and attorney's fees' in order to: '(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.'"  *Arista Records*, 298 F. Supp. 2d at 1315 (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Pa. 1990)).

Courts regularly award attorney's fees and costs on default judgment.  *See*, *e.g.*, *Axact (PVT), Ltd. v. Student Network Resources*, 2008 WL 4754907, at *3 (D.N.J. Oct. 22, 2008) ("Indeed, it has often been held that attorney's fees are awarded to prevailing copyright plaintiffs 'generally' or 'ordinarily.'"); *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F. Supp. 224, 227 (M.D. Fla. 1995) (awarding attorneys' fees and costs); *Sony Music Entertainment v. Cassette Production*, 1996 WL 673158 *3 (D.N.J. Sep. 30, 1996) (copyright infringement default judgment awarding attorneys' fees and costs based on affidavits submitted with application for default judgment); *Jobete Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 10 (S.D. Miss. 1994) (holding that in copyright cases, "although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely").

In this case, the declaration of Plaintiff's counsel states that Plaintiff has incurred $1,657.00 in costs and attorneys' fees, and provides a detailed time and activity record to support those costs and fees.  Lipscomb Decl. ¶¶ 8-9.  They appear facially reasonable.  Plaintiff will be awarded that amount.

### G.   Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Entry of Default Judgment, ECF No. [31], is **GRANTED** as set forth herein.

2. Defendant Itzik Mahluf shall **PAY** to Plaintiff the sum of $29,250.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $1,657.00 for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $30,907.00, for which let execution issue forthwith.

3. Defendant Itzik Mahluf be and hereby is **ENJOINED** from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the 13 copyrighted works listed on Exhibit A attached to the Motion (the "Works"), including, without limitation, by using the internet, any peer-to-peer file-sharing software or protocol or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff.

4. Defendant Itzik Mahluf be and is hereby **ORDERED** to destroy all copies of the Works that the Defendant Itzik Mahluf has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant Itzik Mahluf's possession, custody, or control.

5.      The Court shall retain jurisdiction over this action to implement and

enforce the provisions of this Order.

6.      The Clerk is directed to **CLOSE** this matter and all pending motions are

**DENIED a**s **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 19th day of

November, 2014.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Itzik Mahluf
73 Lariat Circle
Boca Raton, FL  33487